# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-203V

| | |
|---|---|
| BARBARA MILES,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 16, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Dima Jawad Atiya*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On February 9, 2024, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on September 30, 2022. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 15, 2025, Respondent filed a combined Rule 4(c) Report and Proffer in which he stated, in light of my fact finding on severity, he would not contest entitlement

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on other grounds and that Petitioner is thus entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer, ECF No. 22. On October 16, 2025, I issued a Ruling on Entitlement. ECF No. 23.

Respondent represents that Petitioner agrees to his proffer on an award of compensation. Respondent's Rule 4(c) Report and Proffer at 8. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the combined Rule 4(c) Report and Proffer,[3] I award the following compensation:

**A lump sum of $46,010.00 (for pain and suffering and past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Because the combined Rule 4(c) Report and Proffer contains information regarding Petitioner's personal medical history, which is not generally included in a Proffer when separately filed, it is not attached hereto.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.